J.C. BAiley
VS.
STATE

See: State
Exhibit #1

CASE Type:
Other drug Poss.
26,273-08

Appellate Court Jurisdiction
Texas Gov't. Code Ann Sec. 22.221(a)

RECEIVED IN
COURT OF CRIMINAL APPEALS
JUN 21 2015
Abel Acosta, Clerk

Memorandum in Support of
11.07 writ (#7) W88-98-750 (G)

IN The 'Interest of Justice' Murray v. Carrier _ S.ct. _
Now Comes J.C. BAiley in this hon. Tex. Court of
Criminal Appeals and Submit this 'Memorandum' in
Support of my Application (pending) and 'Ground for
relief' in Said Application:

Ground 1. Petitioner Was denied due process (6TH and
-14TH amend. due Process Constitutional rights
because 50 yrs. Sentence for 1.0 Mlg
of 'Crack dust Was unconstitutional
in 'light of' Alleyne v. U.S 133 S.ct. 2151
and Should be Made 'Retroactive' to
Petitioners Case.

IN 'Support' of Petitioners Claim 'Petitioner' Will'
'dEMonstrate' that Such "Instruction On Punishment"
Was 'unconstitutional' under Texas C.C.P Art. 37.07 & 4
After Then 'Harm Analysis' - Texas R. App. P. 81(b)2
And did 'Contribute' to 'Punishment" The 'Jury'
assessed (Me) After Prosecutor's "Argument" in
1989. on 3-09-1989. - See: (Record), (Cold).
Alleyne v. U.S. 133 S.ct. 2151 is 'NEW LAW' and 'Fit Squarely'
with 'Teagues' 'NEW rule Retroactivity requirement'
as alleged in 'States Response' in EX parte SLedge 391 S.W. 3d 104-106
to Overcome 11.07 Sec. 4 'BAr'.

See.
State's Exhibit 1

CASE: 05-89-00415-CR
Case Type. Other drug
Possession

'Judgment, was entered by the trial Court on 3-09-1989.
but, before or during 'Jury' deliberation during
'My 'Punishment Hearing' in the 'Prosecutors'
'Plea for Justice' he also introduced a 'Pen packet'
alone with his 'Instruction' And "Argument" to
the Jury under the 'Unconstitutional Statue'
of Tex. Code of Crim. Proc. Art. 37.07 § 4 (1988)
    And asked the 'Jury' to give Me a 'Life Sentence'
I'm Not Sure if, My then Atty. 'Objected' to that!

    Such "Parole instruction" 'Prejudiced Petitioner"
and 50 yr. Sentence was/is Excessive and
'Clearly Wrong' and 'Manifestly Unjust' as was
also in the 'Case of;
                                                    ( May 18, 1989 )
    'Anthony Joseph Miller 772 S.w. 2d 491
    40 yrs. For   8 one millionths of a Gram.

* This hon. Court of Crim. Appeals' Reversed and Remanded
his Case for a 'New Trial' and "Petitioner's Case
Should be "Reversed" in the 'interest of Justice' also,
"after 26 yrs!"

Rose v. State  752 S.w. 2d 529 (Tex. Crim. App. 1988)
Haynie v. State  751 S.w. 2d. 878 879
Tex. R. App. p. 81 (b)(2)
Howell v. State 757 S.w. 2d 513    ( Miller v. State 723 S.w. 2d 789
Morris v. State  755 S.w. 2d. 505    (Tex. App.-Dallas 1987  )

## 28 U.S.C. §1746

I, J.C. Bailey Promise under both 'State' and 'Federal law' that the foregoing information in this MEMorandum in Suport of 11.07 WRit (G) is true and Correct under penalty of Purjury.

5-27-15                                    J.C.Bailey #567776


## Prayer of Relief

I, J.C. Bailey PRAy that this Honorable Court GRant his 11.07 WRit of Habeas, in the 'interest of Justice' as this hon. Court did in the Case of:

"Anthony Joseph Miller v. State 772 S.W.2d 491. in the 'Interest of Justice'. to which Action petitioner excepts.

5-27-15                                    J.C.Bailey #567776

- Relief Granted
  Ex parte Bradly 781 S.W.2d 886 - pursuant to 11.07
  Ex parte Adams 768 S.W.2d 285 (1989)
  but See: 'Factual Innocence' 885 S.W.2d 389